UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** : | **CHAPTER 11** |
| : | |
| **LOWER BUCKS HOSPITAL** : | **Bky. No. 10-10239 ELF** |
| **LOWER BUCKS HEALTH ENTERPRISES, INC.** : | |
| **ADVANCED PRIMARY CARE PHYSICIANS** : | **JOINTLY ADMINISTERED** |
| : | |
| **Debtors** : | |
| : | |
| **LOWER BUCKS HOSPITAL** : | |
| **LOWER BUCKS HEALTH ENTERPRISES, INC.,** : | |
| **ADVANCED PRIMARY CARE PHYSICIANS,** : | |
| : | **Adv. No. 10-0174** |
| **Plaintiffs,** : | |
| v. : | |
| : | |
| **THE BANK OF NEW YORK MELLON TRUST** : | |
| **COMPANY, N.A. AS INDENTURE TRUSTEE** : | |
| **FOR THE BOROUGH OF LANGHORNE MANOR** : | |
| **HIGHER EDUCATION AND HEALTH HOSPITAL** : | |
| **REVENUE BONDS, SERIES OF 1992** : | |
| **(THE LOWER BUCKS HOSPITAL),** : | |
| : | |
| **Defendant.** : | |

# O R D E R

AND NOW, Defendant The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee ("the Indenture Trustee"), having filed a Motion for Order Dismissing the Complaint ("the Motion") on June 9, 2010;

AND, on July 9, 2010, the Plaintiffs ("the Plaintiffs," when referring to all of the Plaintiffs collectively and "LBH," when referring only Lower Bucks Hospital) having filed a Response thereto;

-1-

\* \* \* \*

**AND**, the Motion being based on Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012);

**AND**, the purpose of a Rule 12(b)(6) motion being to test the legal sufficiency of the factual allegations of a complaint, see Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and whether the plaintiff is "entitled to offer evidence to support the claims," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007);

**AND**, in deciding a motion to dismiss a complaint, the court being required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff, see, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Taliaferro v. Darby Township Zoning Board, 458 F.3d 181, 188 (3d Cir. 2006), but "not being bound to accept as true a legal conclusion couched as a factual allegation," Ashcroft v. Iqbal 129 S.Ct. 1937, 1950 (2009) (quoting Twombly, 127 S. Ct. at 1955);

**AND**, dismissal being appropriate only if, accepting as true all facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face;" Twombly, 127 S.Ct. at 1974; accord Iqbal, 129 S. Ct. at 1950 (standard under Rule 12(b)(6) is whether complaint states a "plausible claim for relief," a determination that is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense");

**AND**, in assessing a Rule 12(b)(6) motion to dismiss, the court being able to "consider the allegations in the complaint, exhibits attached to the complaint and matters of public record."

Unite Nat'l Ret. Fund, 2007 WL 2713051, at *4 (M.D. Pa. Sept. 14, 2007) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994)), as well as "'undisputedly authentic documents' where the plaintiff's claims are based on documents and the defendant has attached copies of the documents to the motion to dismiss." Unite Nat'l Ret. Fund, 2007 WL 2713051, at *4 (internal citations omitted);

\* \* \* \*

AND, the court having reviewed the memoranda of law submitted by the parties and those documents that may be considered in deciding the Motion, and having held oral argument on August 9, 2010 and having considered the arguments of the parties;

It is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART AND DENIED IN PART**.[1]

---

[1] The Indenture Trustee argues that all of the Counts of the Complaint should be dismissed for failure to join a necessary party. See Fed. R. Civ. P. 12(b)(7) and 19 (incorporated by Fed. R. Bankr. P. 7012 and 7019). The Indenture Trustee bears the burden under Rule 19(a) of showing why the absent party should be joined. Matlack Leasing, LLC v. Morison Cogen, LLP, 2010 WL 114883 (E.D. Pa. Jan. 13, 2010).

There is no dispute that the Borough of Langhorne Manor Higher Education and Health Authority ("the Authority") was the original party to the Loan and Security Agreement (and retained certain rights after assigning certain rights to the Indenture Trustee) and is a party to the Trust Indenture. Notably, the Authority assigned to the Indenture Trustee "all loan repayments and other amounts payable or which may become payable under [the Loan Agreement, subject to certain exceptions] and all security therefor." (Assignment) (attached to Indenture Trustee Memorandum) (emphasis added).

Because the Authority is a party to both the Loan and Security Agreement and the Trust
(continued...)

-3-

2. As to **Count I**, the Motion is **GRANTED**. **Count I** of the Complaint is **DISMISSED WITHOUT PREJUDICE** to the Plaintiffs' right to request that the court make the determination requested in the course of deciding other claims asserted in the Complaint.[2]

---

[1](...continued)
Indenture, the Indenture Trustee contends that it must be a party in this adversary proceeding. I conclude, however, that the Indenture Trustee has not sustained its burden of proof under Rule 19. The Indenture Trustee has made no showing that LBH cannot be accorded relief without the Authority being joined. Nor has the Indenture Trustee established that the Authority retained any rights under the Loan and Security Agreement or has any rights under the Trust Indenture that might be impaired by the grant of the relief requested by the Debtor. That the Authority was the original party to the contract and, after the assignment to the Indenture Trustee, retained some rights of some sort are an insufficient basis, by themselves, to justify dismissal of the Complaint under Rules 12(b)(7) and 19. As a leading treatise observes:

> An assignor of rights and liabilities under a contract generally is not needed for a just adjudication of a suit brought by the assignee. Indeed, in most cases the assignor would not even be a proper party inasmuch as the assignor may have lost the right to bring an independent action on the contract by virtue of the assignment. . . . . Further, when there only has been a partial assignment, courts may require joinder so that the entire contractual interest that is in dispute is represented in the action. The question of compulsory joinder in these cases depends on whether the court can frame a decree that will give proper relief to plaintiff without prejudicing the absent person's interest.

C. Wright and A. Miller, 7 Fed. Prac. & Proc. Civ. § 1613 (3d ed.).

[2]    As LBH's counsel acknowledged at oral argument, if LBH fails to prevail on its transfer avoidance claim under Count II, no purpose would be served in granting LBH the declaratory relief requested in Count I. The request for declaratory relief may better be conceptualized as a request for a determination of but one element of the claim asserted in Count II. Thus, Count I is incapable of standing as an independent claim and the issue raised does not constitute a "case or controversy" in the constitutional sense. The logical end of this analysis is that the court lacks subject matter jurisdiction over Count I. See Travelers Ins. Co. v. Obusek, 72 F.3d 1148, 1153-54 (3d Cir. 1995).

3. As to **Count II**, the Motion is **DENIED**.[3]

---

[3] In Count II, LBH asserts that the filing of the October 2009 financing statement and amendment constituted a transfer and seek avoidance of that transfer under 11 U.S.C. §547(b). See also 11 U.S.C. §547(e)(2)(B).

 I am unpersuaded by the Indenture Trustee's argument that, on its face, the Complaint fails to state a "plausible claim for relief." Rather, the defects asserted by the Indenture Trustee are: (1) dependent on factual determinations contrary to the facts pled in the Complaint and/or (2) in the nature of an affirmative defense. Either way, dismissal of the Complaint would require resolution of issues that are not properly decided at this stage of the case. See, e.g., Motorup Corp. v. Galland, Kharasch & Garfinkle, P.C., 2001 WL 34368760, at *5 (E.D. Pa. Dec. 4, 2001) (motion to dismiss denied because it was based on disputed factual issues); Flying Food Group, Inc. v. N.L.R.B., 471 F.3d 178 (D.C. Cir. 2006) & authorities cited therein (plaintiff need not anticipate an affirmative defense and plead facts negating the defense).

 LBH asserts that on October 16, 2009 (and just before the Indenture Trustee filed a new financing statement), the Indenture Trustee's security interest against the Debtor's "unrestricted gross revenues" was unperfected. LBH bases this argument on the factual allegations that: (a) the security interest previously was perfected by the filing of a financing statement on March 19, 2003 correctly naming Temple Lower Bucks Hospital, Inc. as the debtor; (b) on May 12, 2006, LBH changed its name from Temple Lower Bucks Hospital to Lower Bucks Hospital, rendering the prior filed financing statement "seriously misleading," see 13 Pa. C.S. §§9503, 9505; and (c) the Indenture Trustee did not file an amended financing statement within four months of the 2006 name change, see 13 Pa. C.S. §9507(c). As a result, LBH contends that the October 16, 2009 filings effected a transfer that is avoidable under 11 U.S.C. §547. The Indenture Trustee asserts that, as of October 16, 2009, its security interest against the Debtor's "unrestricted gross revenues" was perfected through its 1992 UCC financing statement filing by virtue of 13 Pa. C.S. §9515(b), the transaction being a "public-finance transaction." Id. In response to the Indenture Trustee's §9515(b) argument, LBH contends (for several reasons) that, as a matter of law, §9515(b) is inapplicable.

 I can, and will, deny the Motion without reaching the legal issues raised by the parties as to the general applicability of §9515(b). Assuming arguendo that §9515(b) applies to the 1992 transaction in question, for the Indenture Trustee to have been perfected on October 16, 2009, the court would have to find that the 1992 financing statement "indicates" that was it filed in connection with a public-finance transaction. Although the parties agree that the I may consider the 1992 financing statement (which was not attached to the Complaint, but was attached as an Exhibit to the Indenture Trustee's Memorandum of Law), and I have done so, I am unable to determine without an evidentiary record whether the financing statement "indicates" that it was filed in connection with a public-finance transaction. Or, perhaps to be more precise, at a minimum, LBH is entitled to the opportunity to present evidence on the issue.

 The Indenture Trustee also contends that the Complaint must be dismissed under the doctrine of in pari delicto. Again, LBH asserts broadly that, as a matter of law, the doctrine is inapplicable in an avoidance action under chapter 5 of the Bankruptcy Code. For two reasons, I need not

(continued...)

4. As to **Count III**, the Motion is **DENIED**.[4]

5. As to **Count IV**, the Motion is **GRANTED**.[5] Count IV of the Complaint is **DISMISSED**

---

[3](...continued)
resolve the legal issue presented in order to decide the Motion. First, it is an affirmative defense. As such, it need not be referenced or negated in LBH's Complaint and ordinarily will not be considered on a motion to dismiss. In re Norvergence, Inc., 405 B.R. 709, 749 (Bankr. D.N.J. 2009); In re DVI, Inc., 2008 WL 4239120, at *11 (Bankr. D. Del. Sept. 16, 2008); cf. Collins & Aikman Corp. v. Stockman, 2010 WL 184074, * at 9 (D. Del. Jan. 19, 2010) (granting motion to dismiss complaint based on in pari delicto defense). Second, assuming arguendo that the doctrine states a valid defense to a claim under 11 U.S.C §547, the application of the doctrine requires a judicial determination that LBH engaged in inequitable conduct. See Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 354 (3d Cir. 2001) (in pari delicto is a "doctrine of equity" under both state and federal law that provides that "a plaintiff may not assert a claim against a defendant if the plaintiff bears fault for the claim"). Here, the Indenture Trustee invokes the defense based on LBH's alleged breach of its obligations under the Loan and Security Agreement. In this context, I conclude that I cannot decide the merits of the defense merely by reference to the text of the parties' contract. Further factual development is necessary to establish whether, in the circumstances presented, principles of equity mandate denial of a remedy to which LBH otherwise might be entitled. See In re Fedders North America, Inc., 405 B.R. 527, 544 n.9 (Bankr. D. Del. 2009); Norvergence, 405 B.R. at 749.

[4]   In Count III, LBH invokes 11 U.S.C. §544(a) and seeks a determination that the Indenture Trustee's security interest in LBH's deposit accounts is junior in priority to LBH's interest. The Indenture Trustee seeks dismissal of Count III based on the defense of in pari delicto. Most of the facts on which the defense is based are outside the record and appear to be disputed. For these reasons, the Motion will be denied as to Count III. See n.2, supra.

[5]   In Count IV, LBH asserts that it has an interest in the Reserve Fund and Debt Service Fund (collectively, "the Funds") that were established under the Trust Indenture and that the Indenture Trustee's interest in the Funds is that of an unperfected lienholder. LBH invokes 11 U.S.C. §544(a) and requests that the court determine that the Indenture Trustee's interest in the Funds is junior to LBH's interest.

While the contractual documents in the record appear to support the contention that LBH has some type of property interest in the Funds, LBH has not pled facts that state a plausible claim that the Indenture Trustee holds a security interest in the Funds. Rather, based on the present allegations and supporting documents, the only plausible factual inference is that the Indenture Trustee has an ownership interest, not a security interest, in the Funds. (See Trust Indenture ¶6.07). Consequently, I conclude that the allegation in the Complaint that the Indenture Trustee had to perfect its interest in the Funds is a conclusory allegation that need not be accepted as true in deciding the Motion. See Iqbal, 129 S.Ct. at 1950. Absent a plausible factual allegation that the Indenture Trustee's interest is such that it requires perfection, LBH's claim in Count IV lacks merit as a matter of law and will be dismissed.

**WITH LEAVE TO AMEND** pursuant to Paragraph 8 below.[6]

6. As to **Count V**, the Motion is **DENIED**.[7]

7. As to **Counts VI and VII**, the Motion is **GRANTED**.[8] Counts VI and VII of the Complaint are **DISMISSED** and Plaintiffs Lower Bucks Health Enterprises, Inc. and Advanced Primary Care Physicians are **DISMISSED** as Plaintiffs; **PROVIDED HOWEVER**, that the Plaintiffs are granted **LEAVE TO FILE AN AMENDED COMPLAINT** pursuant to Paragraph 8 below.

8. Any Amended Complaint shall be filed **on or before September 1, 2010**.

Date: August 11, 2010

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

---

[6] I am granting LBH leave to amend because I cannot be certain that an amended complaint with additional factual allegations would be futile. See e.g., Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

[7] In Count V, based on its allegation that it has an interest in the Funds, LBH seeks a determination that the Indenture Trustee has drawn legal fees and expenses from the Funds in violation the Trust Indenture and the avoidance of any unauthorized postpetition transfers. The Indenture Trustee argues that LBH lacks standing and, in any event, has not stated a claim because it is not a party to the Trust Indenture. I conclude that the Debtor's residuary interest in the Funds is sufficient to provide standing. However, the record is not adequately developed to determine whether the Trust Indenture restricts the payment of legal fees and expenses and, if so, whether LBH is a party that has the legal right to enforce any such limitation. Therefore, the Motion will be denied as to Count V, without prejudice to all factual and legal defenses that may be available to the Indenture Trustee.

[8] In Counts VI and VII, LBH has failed to allege facts demonstrating the existence of a case or controversy. See n.1, supra.