UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| LOWER BUCKS HOSPITAL | : Bky. No. 10-10239 ELF |
| LOWER BUCKS HEALTH ENTERPRISES, INC. | : |
| ADVANCED PRIMARY CARE PHYSICIANS | : JOINTLY ADMINISTERED |
| | : |
| Debtors | : |

---

| | |
|---|---|
| LOWER BUCKS HOSPITAL | : |
| LOWER BUCKS HEALTH ENTERPRISES, INC., | : |
| ADVANCED PRIMARY CARE PHYSICIANS | : |
| | : |
| Plaintiffs, | : Adv. No. 10-00174 |
| v. | : |
| | : |
| THE BANK OF NEW YORK MELLON TRUST | : |
| COMPANY, N.A. AS INDENTURE TRUSTEE | : |
| FOR THE BOROUGH OF LANGHORNE MANOR | : |
| HIGHER EDUCATION AND HEALTH HOSPITAL | : |
| REVENUE BONDS, SERIES OF 1992 | : |
| (THE LOWER BUCKS HOSPITAL) | : |
| | : |
| Defendant, | : |
| | : |
| THE BOROUGH OF LANGHORNE MANOR | : |
| HIGHER EDUCATION AND HEALTH AUTHORITY | : |
| | : |
| Third Party Defendant | : |

## ORDER

AND NOW, Defendant The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee ("the Indenture Trustee") having filed an Answer to the Plaintiff's Amended Complaint ("the Answer") on November 29, 2010;

AND, in the Answer, the Authority asserting a third party claim against Defendant The

-1-

Borough of Langhorne Manor Higher Education and Health Authority ("the Authority"), see Fed. R. Bankr. P. 7014 (incorporating Fed. R. Civ. P. 14);

AND, the Indenture Trustee asserting, inter alia, that if the Plaintiff is successful in establishing that the Indenture Trustee is not perfected in the "Unrestricted Gross Revenues," as defined in the Paragraph 12 of the Answer, then "the Authority is liable for any damage or loss to the [Indenture] Trustee due to such imperfection," and that such damages "could equal or exceed . . . $25,906.294.98," (Answer ¶ 30);

AND, it appearing that the third party claim is a claim for damages by one non-debtor party against another non-debtor party;

AND, consequently, it appearing that there is a substantial question whether the court has subject matter jurisdiction under 28 U.S.C. §1334 over the third party claim asserted in the Answer;

AND, this court having the independent duty to consider its subject matter jurisdiction and to raise the issue of subject matter jurisdiction, sua sponte, if necessary, see, e.g., Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76 -77 (3d Cir. 2003), cert. denied, 541 U.S. 959 (2004). .

It is therefore, **ORDERED** that:

1. A hearing to consider whether the Indenture Trustee's third party complaint against the Authority should be dismissed for lack of subject matter jurisdiction will be held **on January 7, 2011, in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900 Market Street, Philadelphia, PA.**

2. For purposes of the January 7, 2011 hearing, **on or before December 8, 2010**, the Indenture

Trustee shall serve on the Authority and its counsel (if known), copies of the Amended Complaint, the Answer and this Order and, promptly thereafter, file a Certification of Service therefor.

3. Any memoranda of law the parties choose to file shall be filed **on or before December 31, 2010**.

Date: <u>December 1, 2010</u>

_____
ERIC L. FRANK
U.S. BANKRUPTCY JUDGE